NEW YORK,<br>October, 1814.<br><br>HYDE<br>v.<br>MELVIN.

Judgment for the plaintiff.

---

### Hyde, qui tam, against Melvin.

THIS was an action of debt, to recover the penalty given
by the 25th section of the act regulating elections, (sess. 36. c.
41.) by which it is enacted " that no officer, or other person,
shall call out, or order, any of the militia of this state to appear
or exercise on any day, during any election to be held by vir-
tue of this act, or within ten days previous thereto, except in
cases of invasion or insurrection, in pain of forfeiting the sum
of five hundred dollars," &c. The cause was tried before Mr.
Justice *Platt*, at the *Cayuga Circuit*, in *June*, 1814.

*E. Ward*, a witness for the plaintiff, testified that several
days previous to the 24th of *April*, 1813, he received from the
defendant an appointment of corporal, and an order, signed by
the defendant, as captain, directing the witness to warn a num-
ber of persons, belonging to the defendant's company, to meet
on the 24th of *April*, in the town of *Wolcott*, for military duty;
that the witness, before that day, did warn the plaintiff and
others, and that he returned the order to the defendant, together
with the names of those whom he had summoned. A notice had
been given to produce the order, which the defendant refused,
and here the plaintiff rested the cause.

The defendant then offered to prove that he made out the or-

*Under the 25th section of the act to regulate elections, (sess. 36, c. 41.) no officer can order out any part of the militia during any election, or ten days previous thereto, even for the purpose of enrolling or organizing them, and not to exercise.*

*A defendant sued under that section, cannot justify that he acted in pursuance of the orders of his superior officer.*

*The defendant cannot object that the corporal who warned the men to appear, had not received his warrant, and therefore was not legally authorized to execute his order.*

It is no defence that the defendant was ignorant of the existence of the act.

der to call out his company, for the purpose of enrolling, or organizing them only, in pursuance of an order which he had received from his *colonel*; by which order, the beats of the defendant, and another captain in the same regiment, were assigned, and they were directed "to enrol, or cause to be enrolled, all the men liable to do military duty in their respective beats, and to have their respective companies organized, fit for duty;" and, by the same orders, certain persons, among whom was *Ward*, the plaintiff's witness, were appointed non-commissioned officers. The defendant further offered to prove, that he had no intention to call on any persons to appear on the day specified in the order, for any other purpose than to organize and enrol them, in consequence of the order from his colonel: that the persons named as non-commissioned officers in the defendant's company, had never received warrants; that *Ward* was appointed a corporal only, by the defendant, and for the sole purpose of calling out the men to be enrolled and organized; that the act on which the suit was brought, was passed on the 29th of *March*, 1813; that the defendant had no knowledge of the existence of that act, or of any similar law, until the time of meeting, when a few men having appeared, as warned, the act was shown to the defendant, on seeing which he immediately informed the men of it, and told them that they were at liberty to separate; and that the defendant, on the spot, destroyed the order which he had given to *Ward*.

This testimony being objected to by the plaintiff, was overruled by the judge, and a verdict was taken by consent, for the plaintiff, for the penalty of 500 dollars, subject to the opinion of the court on the above case.

*S. A. Foot*, for the plaintiff. The only point is, whether the evidence offered by the defendant was properly rejected. The only question for the jury to decide was, whether the defendant had violated the statute, in ordering out his company. It was perfectly immaterial what were the views or intentions of the defendant; besides, his written orders to the corporal were to appear for *military duty*. It is no excuse for a violation of the express provision of a law, that the defendant acted by the command of another; nor can he be allowed to plead ignorance of the law.

*Sill*, contra. Though an act may be within the letter of a statute, yet if it does not embrace those circumstances which it was the object of the legislature to prevent, it is not within the statute.\* The intention of the makers of the statute is more to be regarded than the words. And this liberal rule of construction is equally applicable to penal statutes.†

The object of the provisions of the militia law was to prevent the electors from being overawed or influenced by military force or power; or the corruption, by means of military authority, of such soldiers as are electors. In the present case, nothing of this kind was intended or can be supposed. There is not the slightest evidence of any evil intention on the part of the defendant. On the contrary, when informed of the law, he instantly discharged the men who had assembled by his order. Though the word *intention* is not in the statute, yet it is the evident meaning of its provisions, that the act must be done with an intention to overawe, influence, or corrupt the electors, or for some illegal purpose. It would be extremely hard to subject the defendant, under these circumstances, to so heavy a penalty. Besides, the subaltern officer acted without any warrant or authority.

VAN NESS, J. delivered the opinion of the court. Several objections are made to the plaintiff's right of recovery in this case; first, that the defendant intended to order out his company merely for the purpose of enrolling it. The words of the act are, " That no officer, or other person, shall call out, or order any of the militia of this state to appear or exercise, on any day," &c. so that if it were even competent to the defendant to set up his private views or object in calling out his company, in opposition to his written directions to *Ward*, this case still comes within the statute. No officer is permitted to order any of the militia even to *appear*, during any election, or within ten days previous thereto.

Second, it is objected that the defendant acted by command of his colonel. This is no excuse, even if the fact were as alleged, for it would only prove the colonel to be equally culpable. But the order from the colonel does not afford the defendant the least apology. It does not direct him to call out or order his company to appear or exercise; and even if through

NEW YORK,
October, 1814.

HYDE
v.
MELVIN.
\* 6 *Bac. Abr.*
Stat. (7 ) 5, 6.
† *Cro. Car.* 71.
8 *Mod.* 65.

ignorance the defendant might so have understood it, it contained no directions as to time.

Thirdly, it is said that *Ward* had not received his warrant as a corporal, and was not, therefore, legally authorized to execute the defendant's order. Whether *Ward* was a non-commissioned officer who had duly received his warrant, is perfectly immaterial. None of the non-commissioned officers in the defendant's campany had received their warrants, though they had all been regularly appointed. *Ward* was appointed a corporal, and, in pursuance of a written order from the defendant, warned the plaintiff to appear, equipped according to law, to perform military duty; and the defendant cannot be allowed to set up his not having a regular warrant.

Lastly, it is urged that the defendant was ignorant of the statute, and that he has, therefore, not incurred the penalty imposed, for a violation of what most certainly is a wise and salutary provision in the election law. I notice this objection, only because it is made. Every officer is bound and presumed to know the duties appertaining to his station, and the penalties to which he is exposed. To show, however, that this is probably a mere pretence, I would observe that the 25th section of the present election law (upon which this suit is brought) is an exact copy of the 18th section of the former election law, passed in 1801, so that the law on this subject had, for thirteen years, been just as it was when this transgression was committed. The plaintiff is entitled to judgment.

Judgment for the plaintiff.